

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EOC:ML
1998R00477

*156 Pierrepont Street*
*Brooklyn, New York  11201*

*Mailing Address:*  *147 Pierrepont Street*
*Brooklyn, New York  11201*
*(718) 254-6294 (ofc)*
*(718) 254-7499 (fax)*

April 1, 2005

The Honorable Raymond J. Dearie
United States District Court
 for the Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

         Re:    United States v. Earl Rusnak
                  Criminal Docket No. 02–196 (RJD)

Dear Judge Dearie:

      The parties respectfully submit this letter to the Court to request a clarification of the Court's oral sentence pronounced in connection with the sentencing of defendant Earl Rusnak on October 5, 2004.

      The Court sentenced Rusnak pursuant to two separate Informations to which Rusnak pleaded guilty.  The first Information charged Racketeering, in violation of 18 U.S.C. § 1962; the subsequent Information charged Bank Fraud, in violation of 18 U.S.C. § 1344.  Pursuant to the government's motion under § 5K1.1 of the Guidelines, the Court departed downward from the guidelines range applicable to each offense, and into Zone C of the Sentencing Table. (See 10/5/04 Tr. 14-18, attached hereto as Ex. A.)  The Court then sentenced the defendant as follows:  8 months imprisonment; 3 years of supervised release, including a special condition of 8 months of home confinement to follow imprisonment, pursuant to U.S.S.G. § 5C1.1; $20 million in restitution; no fine; and a $200 special assessment.  (Id.)  Given that Rusnak committed the Bank Fraud while on pre-trial release in the underlying Racketeering case, the Court was obligated to impose the consecutive sentence prescribed by 18 U.S.C. § 3147.  The Court has not yet prepared the Judgment of Conviction in this case.

      The parties believe that a clarification of the Court's oral sentence is necessary in the Judgment of Conviction in order to fully comply with the competing dictates of 18 U.S.C. § 3147 and U.S.S.G. § 5C1.1.  As the Court is aware, these provisions operate as follows.  18 U.S.C. § 3147, as implemented by U.S.S.G. § 2J1.7 (App. n. 2), requires the Court, in sentencing

Rusnak on the later Bank Fraud conviction, to "divide the sentence on the judgment form between the sentence attributable to the underlying offense [here, the Bank Fraud] and the sentence attributable to the enhancement [the three-level increase in offense level added by § 2J1.7]."

Furthermore, U.S.S.G. § 5C1.1, in certain circumstances including this one, permits the Court to impose a sentence that includes home detention as a condition of supervised release. Under § 5C1.1, where the guidelines range falls within Zone C of the sentencing table, the Court must divide the sentence equally between months spent in imprisonment and months spent in home detention. U.S.S.G. § 5C1.1(d)(2) & App. n. 4. Where the guidelines range falls within Zone B, the Court must impose at least one month of imprisonment (but may impose more within the applicable guidelines range), and the Court may impose some portion of the sentence to be served in home detention – so long as at least one month of the applicable guidelines range is served in prison. Id. § 5C1.1(c)(2).

At present, the Court's sentence may appear ambiguous with respect to the proposed division of the sentence between imprisonment and home detention. In short, that is because it does not appear that the Court, in departing downward only to Zone C, may reach the sentence imposed by oral order on October 5, 2004 that also complies with the following applicable conditions: (1) is within one of the Guidelines ranges contained in Zone C of the sentencing table, (2) also contains a consecutive sentence mandated by 18 U.S.C. § 3147, and (3) complies with U.S.S.G. § 5C1.1's requirement that the sentence be divided equally between imprisonment and home detention.[1]

It is well established that the Court possesses the authority to clarify an ambiguous sentence when issuing its final Judgment of Conviction. See, e.g., United States v. Spallone, 339 F.3d 415, 421 (2d Cir. 2005) ("where an order or judgment is unclear, a court retains inherent authority to interpret ambiguities"); United States v. Truscello, 168 F.3d 61, 63 (2d Cir. 1999) (affirming district court's clarification in written judgment of ambiguity in its oral sentence, where the two did not conflict).

In light of this authority, the parties suggest that the Court further specify how the terms of imprisonment and home detention under supervised release are to be apportioned in the final Judgment of Conviction. This will serve to clarify any ambiguity in the Court's oral sentence, and ensure compliance with the above-mentioned conditions of the criminal code and sentencing guidelines provisions. One possible way for this to be accomplished that the parties recommend to the Court, under the same terms pronounced by the Court orally at sentencing -- i.e., 8 months of imprisonment to be followed by 8 months of home detention -- is to apportion the sentence as follows (per Criminal History Category I as indicated in the PSR). We suggest,

---

[1] The Court's oral sentence was announced prior to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). Should the Court determine that the Judgment of Conviction, including any clarification of the oral sentence, must be governed by Booker, the Guidelines as a whole, including the directives of §§ 2J1.7 and 5C1.1, are merely advisory.

further, that the Court clarify that it intended to depart to Zone B of the Sentencing Table in order to effectuate this sentence, and not Zone C as indicated in the oral pronouncement of sentence.  Within Zone B (Criminal History Category I), an applicable guidelines range is 4 to 10 months.  Thus, the recommended sentence would be as follows:

> **Count I, 98-CR-1142 Original Information (Racketeering)**:
> (a)     4 months imprisonment; and
> (b)     4 months home detention.
>
> **Count I, 98-CR-1142 (S-1) Superseding Information (Bank Fraud)**:
> (a)     8 months imprisonment --
>     (i)      apportioned per § 2J1.7, such that 4 months are attributable to the "underlying offense" (Bank Fraud), and 4 months are attributable to "the enhancement" for committing the Bank Fraud while on release in the Racketeering case;
>     (ii)     with the 4 months attributable to the Bank Fraud conviction to run concurrent to the sentence of imprisonment imposed for Count I, 98-CR-1142 Information (Racketeering) above; and
>     (iii)    with the 4 months attributable to the § 3147 enhancement to run consecutive to the sentence of imprisonment imposed in Count I, 98-CR-1142 Information (Racketeering) above; and
> (b)     4 months of home detention, which shall follow the 4 month period of home detention imposed in Count I, 98-CR-1142 Information (Racketeering) above.

Both sentences are within the guidelines range of 4 to 10 months, a range that resides in Zone B of the sentencing table.  Consistent with the Court's oral pronouncement, defendant Rusnak will serve a total of 8 months imprisonment, to be followed by 8 months of home detention while on supervised release.  All other terms and conditions of the sentence pronounced orally on October 5, 2004 will remain the same.

      The parties respectfully submit this proposal to the Court in aid of the Court's preparation of the written Judgment of Conviction.

                                                          Respectfully submitted,

                                                          ROSLYNN R. MAUSKOPF
                                                          United States Attorney

                            By:    _____
                                                          Matthew L. Levine
                                                          Assistant U.S. Attorney
                                                          (718) 254-6294


By:    _____
        Robert J. Krakow, Esq.
        Counsel to defendant Earl Rusnak
        225 Broadway, Ste. 2700
        New York, New York 10007


cc:    Clerk of the Court (RJD)